**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAQUILL ALLAH, | : | |
| | : | Civil Action No. 05-2044 (MLC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| DETECTIVE REGINALD DALTON, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Shaquill Allah, <u>Pro</u> <u>Se</u>
#C2184
Ocean County Jail
120 Hooper Ave.
Toms River, NJ 08754

**COOPER**, District Judge

Plaintiff, currently confined at the Ocean County Jail, Toms River, New Jersey, seeks to bring this action alleging violations of constitutional rights <u>in forma pauperis</u>. Based on the affidavit of indigence and absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that dismissal of the Complaint is warranted.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states that on June 30, 2002, he was arrested in Lakewood, New Jersey for robbery and carjacking. Plaintiff states that the investigation that led to his arrest was improper, and that there was no probable cause to arrest him. He states that defendant Dalton, a Lakewood detective, and defendants Kelaher and Armstrong, prosecutors for Ocean County, knowingly presented false testimony before the grand jury, resulting in his indictment. He also alleges that defendant Morgan, a deputy court administrator failed to verify his arrest warrant and take the oath of the detective executing the warrant.

Plaintiff contends that these actions violated his constitutional rights. He seeks monetary and injunctive relief.

## DISCUSSION

**A.   Standard of Review**

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary

relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34

(1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   False Arrest Claim**

An arrest without probable cause is a constitutional violation actionable under § 1983.  See Walmsley v. Phila., 872 F.2d 546 (3d Cir. 1989)(citing cases); see also Albright v.

4

Oliver, 510 U.S. 266, 274 (1994) (a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification."  Ramirez v. United States, 998 F.Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Serv., Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a claim for false arrest, a plaintiff must allege: (1) there was an arrest; and (2) the arrest was made without probable cause.  See Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988).  A § 1983 claim for false arrest accrues on the date of the plaintiff's arrest.  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).  Thus, as a matter of federal law, Plaintiff's § 1983 claim for false arrest accrued on June 30, 2002.

Civil rights claims are characterized as personal injury actions and governed by the applicable state's statute of limitations for such actions.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J.S.A. § 2A:14-2, governs Plaintiff's claims.  See Montgomery, 159 F.3d at 126 & n.4; Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states'

interrelated limitations provisions regarding tolling, revival, and questions of application. See Wilson, 471 U.S. at 269.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense that may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim that is apparently untimely from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, sua sponte dismissal before service of untimely claim is appropriate since such claim "is based on an indisputably meritless legal theory"); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).

New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some

6

extraordinary way" been prevented from asserting rights, or where a plaintiff has timely asserted rights mistakenly either by defective pleading or in the wrong forum.  See Freeman v. State, 347 N.J.Super. 11, 31 (App. Div.) (citations omitted), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. at n.9.

Here, according to the allegations of his Complaint, Plaintiff's claims accrued on June 20, 2002, when he was arrested.  The Complaint is dated March 20, 2005, more than two years later.  Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling

under either New Jersey or federal law.  Thus, the false arrest claim is time-barred.[1]

### D. Claim Regarding Improper Affidavit of Probable Cause and False Testimony

Plaintiff claims that the affidavit supporting his arrest warrant was improper in that it was not sworn under oath or properly verified.  Further, he disputes the basis of probable cause cited in the affidavit.  He also contends that defendant Dalton and the defendant prosecutors presented false testimony before the grand jury, resulting in his indictment.

---

[1] The Court further notes that Plaintiff's claims against defendants Municipality of Lakewood and Ocean County are dismissable as they are based solely on a theory of respondeat superior liability.  Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Okla. City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).

Also, Plaintiff's claims against defendants Armstrong, Kelaher and Morgan are dismissable as these defendants are entitled to immunity from suit.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983"); Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971)(immunity extends to court clerk, supervisor on staff of clerk, administrative assistant, and court reporter); Davis v. Phila. County, 195 F.Supp.2d 686, 688 (E.D. Pa. 2002)(judicial or quasi-judicial immunity applies to court clerk acting in official capacity).

If Plaintiff's criminal charges remain pending, he must raise any constitutional challenges in his criminal case; a federal court will not now intercede to consider issues that Plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971). It is not generally the role of the federal courts to interfere in pending state criminal cases. There are three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benv. Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)). Here, if Plaintiff is currently being detained pretrial, state proceedings implicating important state interests are ongoing and Plaintiff has the opportunity to raise his claim in that proceeding. Therefore, assuming that Plaintiff is being detained pretrial,[2] the Complaint is subject to dismissal for failure to state a claim

---

[2] The Court notes that Plaintiff is not listed as a sentenced inmate of the New Jersey Department of Corrections on its website. See http://www.state.nj.us/corrections/index.shtml.

9

upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

In addition:

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote omitted). Accordingly, if a district court determines that a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487; see also Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996).

Here, Plaintiff's claims for damages with regard to his criminal proceeding are not cognizable under § 1983 because the principal defects alleged, i.e., his arrest warrant was improper and defendants presented false testimony before the grand jury, would necessarily imply the invalidity of his conviction. See Heck, 512 U.S. at 479-83, 487. Therefore, Plaintiff's claims for relief under 42 U.S.C. § 1983 will be dismissed for failure to

10

state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.


                                              s/ Mary L. Cooper
                                              MARY L. COOPER
                                              United States District Judge